COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1861,
AT PROVIDENCE.

PRESENT:

HON. SAMUEL AMES, CHIEF JUSTICE.
HON. GEORGE A. BRAYTON, ASSOCIATE JUSTICE.

---

## GLEZEN & BROWNELL *v.* PRESTON M. FARRINGTON and others.

The continuance of a petition for the benefit of the insolvent debtors' act, Ch. 200 of the Revised Statutes, though accompanied with a stay of proceedings against the body of the debtor, does not operate to discharge him from his obligation, under a prison limits bond, to remain a true prisoner within the limits of the jail to which he may have been previously committed.

DEBT on a prison limits bond, given by the defendants to the keeper of the jail in the county of Providence, on the 29th day of January, 1861, the condition of which, as set forth in the declaration, was, that Preston M. Farrington, then a prisoner at the

suit of the plaintiffs, should continue to be a true prisoner, &c., without committing any manner of escape, until he should be lawfully discharged.

Plea, in substance, that said Farrington filed in the clerk's office of the Supreme Court for the county of Providence, a petition for the benefit of the law for the relief of insolvent debtors, contained in the 200th chapter of the Revised Statutes, in which petition the plaintiffs are set forth as his creditors for the debt for which he stood committed, and that said petition was, on the 8th day of the March term of said court, 1861, being the second day of April, A. D. 1861, duly continued to the next term of said court, with a stay of all proceedings against the body of said Farrington, at which last mentioned term of said court, on the fifth day thereof, being the 28th day of September, A. D. 1861, said petition was granted; and that said Farrington, from the time of the making of said writing obligatory to the time of the continuance of his said petition, and until the 18th day of May, 1861, did remain a true prisoner, &c.; when, he did pass over and beyond the limits of said jail, which is the breach of said writing obligatory complained of, as he lawfully might, and not otherwise; concluding with a verification.

To this plea the plaintiffs demurred, generally, and the defendants joined in demurrer.

*Brownell, for the plaintiffs.*

*Hayes, for the defendants.*

BRAYTON, J. The question here raised is, whether the stay of proceedings against the person of the debtor for the collection of the debt affects the condition of such a bond as this, or operates in any way to discharge the debtor from his imprisonment, or from his obligation to remain within the limits of the jail?

Chapter 200 of the Revised Statutes, section 14, provides, that upon the reception of any such petition, the court may, in their discretion, stay all proceedings against the body and estate, or either, of the petitioner, for the collection of debt, and may cause such petitioner to be liberated from jail, if confined in the jail, upon giving bond with surety or sureties, to the satisfaction of the jailer, in Providence county, and to the satisfaction of the sheriff in any other county, to return to jail in ten days after the

rising of the court at which his petition shall be finally disposed of, unless the petitioner shall be discharged by the court.

It is evident, from the language, that the stay of proceedings against the body of the debtor, in the contemplation of the statute, is different from a liberation from jail,—the first of which the court could order in their discretion; the last of which it has no power to grant, except upon the petitioner giving bond to return again to jail, if his petition should not be granted upon final hearing. It may stay the process unconditionally before it is executed upon the body, but not afterwards.

The petitioner is not the less in jail, that being within the prison yard, he is not within the walls of the prison. It is not necessary that he should be in *arcta custodia,* for this purpose. The condition of his bond assumes this, which is, that he remain a true prisoner in the custody of the keeper of the jail, and within the limits of the said jail until he shall be lawfully discharged, without committing any manner of escape during the time of his restraint.

There have been many cases in which the petitioner confined upon the limits has been discharged from his imprisonment on giving the bond to return to jail, and the construction uniformly given to the provision is, that the ordinary stay of proceedings does not affect a prisoner upon the limits more than one in close custody; and in order to release a petitioner under such circumstances, it is necessary that he give the bond to return.

The plea must be overruled and the demurrer sustained, and judgment be entered for the plaintiff.